IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CLIFFORD FRANCIS SANBORN, )
)
Plaintiff, )
)
vs. ) Civil Action No. 1:17-67
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security,[1] )
)
Defendant. )
)

AMBROSE, Senior District Judge

# OPINION and ORDER OF COURT

## SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 6 and 8]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 7 and 9]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment [ECF No. 8] and denying Plaintiff's Motion for Summary Judgment [ECF No. 6].

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act") and for Supplemental Security Income ("SSI") under

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

Title XVI of the Act. On or about February 18, 2016, Plaintiff applied for DIB, and, on or about February 19, 2016, he applied for SSI. [ECF No. 4-7 (Exs. B2D, B3D)]. Plaintiff alleged that he had been disabled since October 26, 2013, due to depression, cervical degenerative disc disease, arthritis in right shoulder, early signs of Alzheimer's, schizoid personality disorder, severe motor tic, sleep apnea, severe irritability, spot on lung, and insomnia. [ECF No. 4-2, at 15; ECF No. 4-7 (Ex. B2D); ECF No. 4-8 (Ex. B3E)]. His date last insured was September 30, 2017. [ECF No. 4-2, at 15, 17]. The state agency denied his claims initially, and he requested an administrative hearing. [ECF No. 4-5 (Ex. B6B)]. Administrative Law Judge ("ALJ") Daniel F. Cusick held a hearing on September 22, 2016, at which Plaintiff was represented by counsel. [ECF No. 4-3, at 30-66]. Plaintiff appeared at the hearing via video and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 60-65. In a decision dated November 15, 2016, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 4-2, at 15-24]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on February 16, 2017, the Appeals Council denied Plaintiff's request for review. [ECF No. 4-2, at 1-5]. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 6 and 8]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such

relevant evidence as a reasonable mind might accept as adequate."  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §§ 404.1520, 416.920.  The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the

national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B. WHETHER THE ALJ PROPERLY CONSIDERED THE MEDICAL EVIDENCE OF RECORD IN EVALUATING PLAINTIFF'S MENTAL IMPAIRMENTS**

At Step Two of his analysis, the ALJ found that Plaintiff had the following severe impairments: cervical degenerative disc disease status post-fractures, obesity, major depressive disorder, and schizophrenia. [ECF No. 4-2, at 17]. The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that Plaintiff was limited to: lifting and carrying up to 20 pounds occasionally and 10 pounds frequently; standing and walking approximately six hours in an eight-hour workday; sitting for approximately six hours in an eight-hour workday; normal breaks; no climbing ladders, ropes or scaffolds; frequent climbing of ramps or stairs; and frequent stooping, kneeling, crouching, or crawling. He must avoid all concentrated exposure to extreme cold, extreme heat, wetness, humidity, noise, vibration, and irritants such as fumes, odors, dust, and gases; and he must avoid all exposure to workplace hazards such as unprotected machinery and unprotected heights. He also was limited to work with DOT SVP levels 1 or 2 and limited to simple, routine, and repetitive tasks involving simple, work-related decisions, with few, if any, workplace changes;

and to only occasional interaction with the public, occasional interaction with co-workers with no tandem tasks, and occasional supervision. [ECF No. 4-2, at 20]. The ALJ concluded that jobs existed in significant numbers in the national economy that Plaintiff could perform, including pricing clerk, photocopy machine operator, and garment sorter. Id. at 23.

Plaintiff argues that the ALJ erred when evaluating the medical evidence by misstating that the evidence "indicated improvement in the Plaintiff's mental conditions when, in fact, the opposite is true." [ECF No. 7, at 8-11]. Plaintiff contends that, by mischaracterizing Plaintiff's mental health records, the ALJ impermissibly substituted his own opinions for competent medical evidence to support his findings. He also avers that the medical evidence corroborates Plaintiff's testimony and, therefore, that the ALJ improperly rejected that testimony. Id. After careful review, I disagree.

> The paragraph of the ALJ's opinion with which Plaintiff finds fault states as follows:
>
> Turning now, to the mental health issues, claimant has a history of professional mental health treatment, consisting of pharmacologic and psychotherapeutic management (Exhibit B15F/46). He has been diagnosed with major depressive disorder and his global assessment of functioning has been rated in the range to denote only some mild symptoms (Exhibit B15F/47). He has had situational stressors that have led to an increase in symptoms at times (Exhibit B15F/15, 20, 25, 34, 37, 43). *However, with continuing treatment compliance, improvement is generally noted* (Exhibit B15/F22, 31). Claimant was briefly hospitalized in the beginning of this year for an intentional overdose (Exhibit B5F/2). He was cooperative with treatment, stabilized, and discharged within a few days with medication and instructions to follow up with professional mental health treatment (Exhibit B5F/3-4). He continued to report depressed mood, poor energy, fatigue, anhedonia, poor concentration, and racing thoughts (Exhibit B15F/8). With ongoing treatment, he reported decreasing depressed mood, decreasing sleep disturbance, fair concentration, intermittent anxiety, and decreasing mood swings and irritability (Exhibit B15F/2). He has also been evaluated for increasing problems with ongoing memory performance (Exhibit B18F). He was diagnosed with schizoid personality disorder and recommended to continue with psychotherapy and medication management (Exhibit B18F/6).

[ECF No. 4-2, at 21-22 (emphasis added)]. I find this summarization of Plaintiff's mental health

5

records to be both fair, appropriate, and supported by substantial evidence. See id. and record evidence cited therein. The summary in no way, as Plaintiff suggests, denies that Plaintiff had continuing symptoms during the period in question, but, rather, accurately describes the documentation of those symptoms, including their fluctuation, over time. See id. At no point in his summary does the ALJ "misstate" the evidence in question. Although Plaintiff takes issue with the ALJ's assertion that "with continuing treatment compliance, improvement is generally noted," I have reviewed the records the ALJ cites in connection with that assertion and find that they support his statement. See ECF No. 4-2 (citing Exhibit B15/F22, 31).[2] While there also may be evidence that supports the position of Plaintiff, which he points out, the standard of review is not whether there is evidence to support Plaintiff's position, but whether there is substantial evidence to support the ALJ's finding. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Because the ALJ did not misstate the evidence, remand is not warranted on this basis.

Plaintiff's contention that the ALJ impermissibly substituted his own opinions for competent medical evidence by mischaracterizing Plaintiff's mental health records likewise is misplaced. As

---

[2] Page 31 of the treatment records is a progress note from a November 20, 2014 visit, and page 22 is dated June 6, 2015. [ECF No. 4-21 (Ex. B15F/22, 31)]. Both of these visits followed prior appointments at which Plaintiff had reported increased difficulties due to situational stressors (including his mother's continuing care, his relationship with his sister, and financial struggles due to not working). Id. Ex. B15F/25-27, 34-36. The notes from both the November 2014 and June 2015 visits can fairly be read to show improvement from the prior visits. Although the records do not reflect total recovery, the ALJ never so contends.

In other portions of his Brief, Plaintiff misrepresents the ALJ entirely. For example, on page 10 of the Brief, Plaintiff states that his "depression, anhedonia, rage, anger, anxiety, impulsiveness, confused thinking, and poor memory are not improving from the levels they were at when he attempted suicide, despite the ALJ's assertion to the contrary." [ECF No. 7, at 10]. The ALJ, however, never so declared. Rather, the ALJ acknowledged that Plaintiff had continuing symptoms post-overdose but noted that "[w]ith ongoing, treatment, [Plaintiff] reported decreasing depressed mood, decreasing sleep disturbance, fair concentration, intermittent anxiety, and decreasing mood swings and irritability." [ECF No. 4-2, at 21-22 (citing Ex. B15F/2)]. The July 14, 2016 progress note to which the ALJ cites (the most recent treatment note in the record) reflects that, on that date, Plaintiff directly reported as much to his treating provider. [ECF No. 4-21, at 682 (Ex. B15F/2)].

set forth above, the ALJ did not mischaracterize the mental health treatment records. Thus, his reliance on those records was not improper. In addition, the ALJ did not base his RFC finding solely on the treatment records. Rather, he relied on all of the evidence of record, including the medical opinion evidence. [ECF No. 4-2, at 22]. Specifically, he gave great weight to the opinions of the psychological consultative examiner and the state agency psychologist, both of which support the RFC finding, and both of which were current, having been issued in April 2016, after Plaintiff's hospitalization for an intentional overdose and only five months prior to the hearing. Id. at 22 (citing Exs. B3A, B4A, and B11F). The ALJ also gave some weight to the 2016 opinion of the neuropsychological evaluator. Id. (citing Ex. B18F).[3] Plaintiff does not challenge the ALJ's weighing of the opinion evidence or point to any contradictory opinion evidence. He likewise does not dispute that the opinion evidence is consistent with the RFC finding. Because the ALJ based his findings on substantial record evidence, remand is not warranted on these grounds.

Finally, Plaintiff's assertion that the medical evidence corroborates his testimony and, therefore, that the ALJ improperly rejected that testimony, is plainly without merit. As previously stated, the standard of review is not whether there is evidence to corroborate Plaintiff's position, but whether there is substantial evidence to support the ALJ's finding. As set forth above, I find that the ALJ's conclusions are supported by substantial evidence including the medical opinion evidence and treatment records. Inconsistencies between the claimant's statements and the other evidence presented permit an ALJ to conclude that some or all of the claimant's testimony about his limitations or symptoms is less than fully credible. 20 C.F.R. §§ 404.1529; 416.929.

---

[3] The ALJ assigned the neuropsychological evaluator's opinion only some weight because it was "somewhat consistent with the evidence of record as a whole, but . . . lack[ed] specificity as far as addressing work-related limitations." ECF No. 4-2, at 22 (citing Ex. B18F).

Moreover, the ALJ did not reject Plaintiff's testimony in its entirety, but, rather, included numerous limitations related to Plaintiff's mental impairments in his RFC finding, including limitations to unskilled work; simple, routine, and repetitive tasks; work involving only simple, work-related decisions, with few, if any, workplace changes; and only occasional interaction with the public, occasional interaction with co-workers with no tandem tasks, and occasional supervision. [ECF No. 4-2, at 20-22]. Accordingly, I find no error in this regard on the part of the ALJ.

In short, a careful reading of the opinion shows that the ALJ based his finding of non-disability on substantial evidence of record, and not a blanket conclusion that Plaintiff's "mental health is improving." Plaintiff's simplistic assertion to the contrary itself mischaracterizes the ALJ's evidentiary analysis and is not a basis for remand.

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFFORD FRANCIS SANBORN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 1:17-67 ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 12th day of March, 2018, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment [ECF No. 8] is GRANTED, and Plaintiff's Motion for Summary Judgment [ECF No. 6] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).